UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY WELLS, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *v.* | ) | 1:12-cv-01514-JMS-DKL |
| | ) | |
| DECA FINANCIAL SERVICES, LLC, | ) | |
|     *Defendant.* | ) | |

**ORDER**

Presently pending before the Court in this Fair Debt Collection Practices Act ("FDCPA") case is Defendant Deca Financial Services LLC's ("Deca") Motion to Dismiss, [dkt. 13]. For the following reasons, the Court grants the motion.

**I.**
**COMPLAINT ALLEGATIONS**

Plaintiff Timothy Wells incurred a debt that was "primarily for personal, family or household purposes," which ultimately "went into default." [Dkt. 3 at 2, ¶¶ 18-19.] Subsequently, the debt was placed with Deca, a debt collection agency, for collection. [*Id.* at 2, ¶¶ 13, 20.] Prior to June 6, 2012, Deca reported the debt to Experian, a credit reporting agency. [*Id.* at 3, ¶ 26.] On June 6, 2012 – after Deca reported the debt to Experian – Mr. Wells' counsel sent a letter to Deca indicating that Mr. Wells disputed the debt. [Dkt. 1-2 at 3.][1] Thereafter, on August 31, 2012, Mr. Wells obtained a copy of his Experian credit report which still reflected the debt

---

[1] The Court notes that the original Complaint filed by Mr. Wells contained six exhibits, including the June 6, 2012 letter. [Dkt. 1.] The Amended Complaint, filed the day after the original Complaint, was filed without any exhibits but refers to the same exhibits filed with the original Complaint. [Dkt. 3.] The Court will assume that filing the Amended Complaint without exhibits was merely an oversight, and will incorporate those exhibits into the Amended Complaint. Indeed, the only difference between the original Complaint and the Amended Complaint that the Court can discern is that the original Complaint erroneously referred to Victoria Gilman as the Plaintiff. [Dkt. 1 at 2, ¶ 10.]

and did not indicate that it was "disputed." [Dkt. 3 at 3, ¶ 30-31.] The August 31, 2012 Experian credit report indicated that the debt was "last reported, or updated, in June of 2012." [*Id.* at 3, ¶ 32.][2]

Mr. Wells alleges that Deca violated Section 1692e(8) of the FDCPA, 15 U.S.C. § 1692e(8), by "continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer." [*Id.* at 4, ¶ 2.] He also alleges that Deca's reporting of the debt without also reporting that it was disputed violates Sections 1692d and 1692f of the FDCPA. [*Id.* at 4, ¶¶ 3-4.] Mr. Wells seeks actual and statutory damages under the FDCPA, and attorneys' fees and costs.

## II.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951). Factual al-

---

[2] While the Experian credit report does not provide an exact date in June 2012 when Deca reported the debt, [dkt. 1-4 at 2], Mr. Wells does not allege that Deca reported the debt after his counsel submitted a dispute to Deca on June 6, 2012, nor does he argue otherwise in response to Deca's Motion to Dismiss.

legations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal*, 129 S.Ct. at 1950).

### III.
#### DISCUSSION

Deca moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that Mr. Wells' own allegations indicate that he cannot recover for an FDCPA violation because no such violation occurred. [Dkt. 14 at 4-7.] Specifically, Deca argues that "when a debt collector has made a report to a credit agency and the consumer subsequently disputes the debt, the debt collector is under no affirmative duty to report the dispute to the credit agency…," citing to several cases and the Federal Trade Commission's ("FTC") 1988 Staff Commentary on the FDCPA [*Id.* at 4-5.] Deca requests that the Amended Complaint be dismissed with prejudice, since amendment would be futile. [*Id.* at 6-7.]

In response, Mr. Wells argues that both the plain language of the FDCPA and a 1997 FTC Staff Letter indicate that "if a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by Section 1692e(8) to inform the consumer reporting agency of the dispute." [Dkt. 16 at 8.] Mr. Wells also asserts that requiring debt collectors to inform credit reporting agencies of disputes after the debt is reported is consistent with the FDCPA's purpose of protecting consumers. [*Id.* at 7.]

15 U.S.C. § 1692e(8) provides that it is a violation of the FDCPA to:

> Communicat[e] or threaten[] to communicat[e] to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Neither party cited – and the Court could not locate – a Seventh Circuit Court of Appeals or a local district court opinion considering the issue of whether Section 1692e(8) imposes a duty upon debt collectors to advise credit reporting agencies that a debt is disputed when it is disputed after it is reported. The Eighth Circuit Court of Appeals, however, addressed a very similar situation to the one at hand. In *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008), plaintiff's credit card debt was assigned to a debt collector, then subsequently to a second debt collector. The first debt collector reported the debt to credit reporting agencies, but plaintiff had not yet disputed the debt so it did not advise the credit reporting agencies that it was disputed. Plaintiff alleged that the second debt collector violated Section 1692e(8) by failing to report his dispute of the debt to the first debt collector who, in turn, should have reported to the credit reporting agencies that it was disputed. The Court disagreed, stating:

> Both claims are premised on [plaintiff's] assertion that § 1692e(8) imposed an affirmative duty on [the two debt collectors] to disclose that [plaintiff] had disputed the debt. He cites no case supporting this contention, and we reject it. Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."…Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which [plaintiff] relies – "including the failure to communicate that a disputed debt is disputed" – is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:
>
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer…*and reports it to a credit bureau*, he must report it as disputed.
>
> 2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Id.* at 418 (emphasis in original) (*citing* FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)).

Several district courts have followed the *Wilhelm* court's approach. *See, e.g., Jacques v. Solomon & Solomon P.C.*, 2012 U.S. Dist. LEXIS 118092, *11 (D. Del. 2012) ("The duty to report a debt under [Section 1692e(8)] arises only if one elects to report credit information"); *Donatelli v. Warmbrodt*, 2011 U.S. Dist. LEXIS 69207, *27-28 (W.D. Pa. 2011) ("There is no authority to support the proposition that a debt collector must inform the credit reporting agency that the consumer disputes the debt") (citation omitted); *Edeh v. Aargon Collection Agency, LLC*, 2011 U.S. Dist. LEXIS 79160, *11 (D. Minn. 2011) ("when a debt collector learns that a debt is disputed only after the collector has reported the debt to the credit reporting agencies, the collector has no affirmative obligation to report the dispute"); *Benson v. Med-Rev Recoveries, Inc. (In re Benson)*, 445 B.R. 445, 449-50 (Bankr. E.D. Pa. 2010) ("Plaintiff's premise is that a disputation of a debt after such debt is reported by a consumer reporting agency creates a duty on the entity that informed or furnished such information to the agency to update the credit report to reflect that such debt is disputed.  This is incorrect…."); *Kinel v. Sherman Acquisition II LP*, 2006 U.S. Dist. LEXIS 97073, *53-54 (S.D. N.Y. 2006) (noting a "dearth of precedent" on the issue of whether a debt collector has an affirmative duty to report a dispute made after it initially reported the debt, relying upon the 1988 FTC Commentary, and stating that "the FTC Commentary has interpreted § 1692e(8) as not explicitly requiring a debt collector to update information about the disputed status of a debt about which it has not reported, or about which it has already reported prior to a consumer's dispute"); *Black v. Asset Acceptance, LLC*, 2005 U.S. Dist. LEXIS 43264, *13 (N.D. Ga. 2005) ("only *if* a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed") (emphasis in original).

Mr. Wells urges the Court to interpret Section 1692e(8) as imposing a continuing duty on debt collectors to advise consumer reporting agencies that a debt has been disputed, even when the dispute occurs after the debt collector reports the debt and the debt collector has not reported the debt since the dispute. However, the cases he cites do not support his proposition. *Cf. Smith v. Nat'l Credit Sys.*, 807 F.Supp.2d 836, 840 (D. Ariz. 2011) (plaintiff disputed debt before defendant reported it to credit reporting agencies); *Kasalo v. Monco Law Offices*, 2009 U.S. Dist. LEXIS 113848, *19 (N.D. Ill. 2009) (case dealt with whether reporting debt to credit reporting agency was a "communication" subject to the requirements of Section 1692e(8), not with whether debt collector had obligation to report all debts after they are disputed; case did not "critically" consider *Wilhelm* as Mr. Wells argues and, indeed, did not even mention *Wilhelm*); *Reichert v. Nat'l Credit Sys.,* 531 F.3d 1002 (9th Cir. 2008) (failure to report a debt as disputed under Section 1692e(8) was not an issue in the case); *Acosta v. Campbell*, 2005 U.S. Dist. LEXIS 39889, *43-44 (M.D. Fla. 2005) (FDCPA claim survived dismissal where, unlike here, debt was reported after dispute and it was unclear whether defendants reported debt correctly); *Semper v. JBC Legal Group*, 2005 U.S. Dist. LEXIS 33591, *8-9 (W.D. Wash. 2005) (court did not address whether debt collector must inform credit reporting agency of dispute made after debt reported, stating only that the FDCPA "does not give debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case"); *Ryan v. Wexler & Wexler*, 113 F.3d 91, 92 (7th Cir. 1997) (court did not consider the reporting of a debt as disputed, instead stating "[t]he sole issue presented by this case is whether the FDCPA applies to debt collection activities on dishonored checks or is limited to those activities related to an extension of credit").

Additionally, Mr. Wells' attempt to discredit the 1988 FTC Commentary relied upon by the *Wilhelm* court and others is unavailing. While it is true that the FTC Commentary is "not binding on the courts because it is not a formal regulation and did not undergo full agency consideration," *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 764 (7th Cir. 2006), it is "entitled to 'respectful consideration,'" *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (*quoting Carter v. AMC, LLC*, 645 F.3d 840, 844 (7th Cir. 2011)). Mr. Wells argues that an FTC Staff Letter from 1997 – written after the 1988 FTC Commentary – supports his reading of Section 1692e(8) because it states that "if a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by Section 1692e(8) to inform the consumer reporting agency of the dispute." [Dkt. 16 at 8, *quoting* FTC Staff Letter to Cass, Pg. 1 (Dec. 23, 1997).] The 1997 Staff Letter is ambiguous at best. The portion Mr. Wells quotes is in answer to the following question:

> Is it permissible under the FDCPA for a debt collector to report, or continue to report, a consumer's charged-off debt to a consumer reporting agency after the debt collector has received, but not responded to, a consumer's written dispute during the 30-day validation period detailed in § 1692g?

http://www.ftc.gov/os/statutes/fdcpa/letters/cass.htm (last viewed February 26, 2013).

The Staff Letter can be interpreted to mean that a debt collector cannot "continue to report" – as the question asks – the debt without also reporting that it has been disputed. It does not stand for the proposition that the debt collector has an obligation to report the debt after the dispute.[3]

---

[3] Additionally, the statement in the Staff Letter that "[a]gain, however, a debt collector must report a dispute received after a debt has been reported under § 1692e(8)" was in response to a question regarding whether reporting a debt as disputed when the dispute occurred during the 30-day validation period constituted continued collection activity under Section 1692g(b) of the FDCPA. The answer – taken out of context – does not create an obligation for a debt collector to report all debts after they are disputed.

In any event, even absent the 1988 FTC Commentary, case law is contrary to Mr. Wells' reading of Section 1692e(8) and Mr. Wells has not presented any authority supporting his position. The Court will not impose an obligation upon debt collectors that is not supported by either the plain language of Section 1692e(8) or other courts' interpretation of that plain language. The Section 1692e(8) claim fails as a matter of law.[4]

### IV.
### CONCLUSION

For the foregoing reasons, Deca's Motion to Dismiss, [dkt. 13], is **GRANTED**. Because the facts Mr. Wells has alleged simply do not constitute a violation of the FDCPA, amendment would be futile. Accordingly, the Court, in its discretion, **DISMISSES** the Amended Complaint **WITH PREJUDICE**.

02/28/2013

                                                             Hon. Jane Magnus-Stinson, Judge
                                                             United States District Court
                                                             Southern District of Indiana

---

[4] While Mr. Wells mentions Sections 1692d and 1692f in his "First Claim for Relief," he predicates violations of those sections on Deca's "continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer." [Dkt. 3 at 4, ¶¶ 3-4.] But Mr. Wells' own allegations indicate that Deca did not continue to report the debt after it was disputed and, indeed, Mr. Wells is claiming that Deca should have continued to report the debt – and reported it as disputed – so his credit reports would reflect its disputed status. Additionally, Mr. Wells does not address these provisions in his response to Deca's Motion to Dismiss. To the extent Mr. Wells is attempting to assert claims under Sections 1692d and 1692f of the FDCPA, neither of which relate to the reporting of debts as disputed, they are dismissed because his own allegations do not support claims under those sections.

**Copies via ECF only:**

Paul L. Jefferson
BARNES & THORNBURG LLP
pjefferson@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com